UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES

CRIMINAL
~~CIVIL~~ ACTION

v.                                                   NO. 01-013

SUNDAY ADEOSHUN                          SECTION "F"

ORDER AND REASONS

Before the Court are Sunday Adeoshun's motion for a new trial, motion for a stay of deportation, and motion for leave to proceed out of time.  Also before the Court is the Government's motion to enjoin Adeoshun from filing further pleadings.  For the reasons that follow, Adeoshun's motions are DENIED, and the Government's motion is GRANTED.

Background

After a jury trial, Sunday Adeoshun was convicted on October 25, 2002 of receiving and selling stolen automobiles that had crossed state lines; the Court sentenced him to 27 months imprisonment on January 22, 2003.  The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on November 7, 2003.  On December 1, 2003, Adeoshun filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 on the grounds that (1) his trial counsel deprived him of the right to testify on his own behalf and failed to subpoena five witnesses, (2) Government

1

witnesses offered perjured testimony, and (3) there was prosecutorial misconduct because the Government concealed favorable evidence.   The Court denied Adeoshun's motion, and the Fifth Circuit denied a certificate of appealability on August 20, 2004. Adeoshun then filed two additional motions, one seeking production of the same evidence he had earlier claimed the Government concealed and another seeking certain discovery and inspection rights.   The Court denied the motions for lack of subject-matter jurisdiction in December 2004.   Adeoshun next filed two similar Rule 60(b)(6) motions again, seeking relief from his conviction. Both were dismissed by the Court.   On July 24, 2006, three days after the second of the two Rule 60(b)(6) motions was dismissed, Adeoshun filed a Rule 33 "motion for judgment to set aside and for new trial," which was dismissed on August 25, 2006 as a successive habeas corpus petition filed without authorization from the Court of Appeals.

On July 5, 2005, Adeoshun was ordered by an Immigration Judge to be removed to Nigeria, the country of his birth, because of his status as an aggravated felon.   The Board of Immigration Appeals affirmed the removal order, and the Fifth Circuit denied Adeoshun's petition for reconsideration on May 31, 2006.

I.

A.   Rule 33 Motion and Section 2255 Motion

Federal Rule of Criminal Procedure 33 provides that "[u]pon

2

the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33.   If the motion for a new trial is grounded on "newly discovered evidence," then the defendant has three years after a finding of guilt to file his motion. <u>Id.</u>  However, "[m]otions for a new trial based on newly discovered evidence are disfavored and reviewed with great caution." <u>United States v. Bowler</u>, 252 F.3d 741, 747 (5th Cir. 2001).  To warrant a new trial on the basis of newly discovered evidence, the movant must prove that

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

<u>United States v. Lowder</u>, 148 F.3d 548, 551 (5th Cir. 1998).

One cannot simply call his motion a "Rule 33 Motion" to evade the authorization requirement for successive habeas corpus petitions under 28 U.S.C. § 2255.  Section 2255 provides that a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if it was "imposed in violation of the Constitution or laws of the United States." Furthermore, Section 2255 provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain" "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient

to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense[.]" The United States Court of Appeals for the Seventh Circuit has concluded that

> any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255, and that the second (and all subsequent) of these requires appellate approval.   For this purpose the caption that the defendant puts on the motion is irrelevant; a federal prisoner may not use Rule 33 to avoid § 2255 ¶ 8.

United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). However, "[a] bona fide motion for a new trial on the basis of newly discovered evidence falls outside § 2255 ¶ 1 because it does not contend that the conviction or sentence violates the Constitution or any statute." Id. at 673-74.

A certificate of appealability ("COA") is required to appeal "the final order in a proceeding under section 2255" to the appropriate court of appeals.  28 U.S.C. § 2253(c).  To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right."  Id.

If a district court characterizes the Rule 33 motion as a successive Section 2255 habeas petition, and if the movant has not obtained a COA, then the district court will lack jurisdiction to hear the successive habeas petition.  See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

B.   Stay of Deportation

A court's jurisdiction over deportation orders is limited. The U.S. Code provides that

> no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

C.   Enjoining a Pro Se Movant from Filing Further Pleadings

No one, not even Sunday Adeoshun, is entitled to abuse the judicial process. Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975). "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Green v. Carlson, 649 F.2d 285, 287 (5th Cir. 1981) (per curiam). A court should exercise caution, however, in enjoining a pro se movant from filing further proceedings because an injunction is a drastic measure. Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980); Hill v. Estelle, 423 F. Supp. 690, 695 (S.D. Tex. 1976). Finally, litigiousness alone does not warrant an injunction against a petitioner. Pavilonis, 626 F.2d at 1079.

II.

A.

Sunday Adeoshun moves, still again, for a new trial. He has previously filed four nearly identical motions, all of which have

5

been denied as successive habeas petitions.  In the Court's August
25, 2006 Order denying his "Motion for Judgment to Set Aside and
for New Trial," the Court observed that

> [t]he petitioner has previously filed three
> nearly identical motions, all of which have
> been denied as successive habeas petitions.
> <u>See</u> Rec. Doc. 227, 234, 271. Because the
> petitioner still has not obtained
> authorization from the Court of Appeals to
> file a successive habeas petition, the Court
> lacks jurisdiction to hear this motion.

This is now Adeoshun's fifth bite at the apple.  He again seeks a
new trial, which like the motion this Court denied on August 25,
2006 is labeled a Rule 33 motion, yet it walks and talks like a
Section 2255 habeas corpus petition.  If this motion is properly
characterized as a successive habeas petition, the Court will lack
jurisdiction in the absence of authorization from the Court of
Appeals.

Adeoshun cannot simply call his motion a Rule 33 motion to
evade the authorization requirement for successive habeas
petitions.  The facts of this case are strikingly similar to those
that the Seventh Circuit faced in <u>United States v. Evans</u>. 224 F.3d
670 (7th Cir. 2000).  In <u>Evans</u>, the movant challenged his criminal
conviction by filing a "Rule 33 motion," which alleged that the
movant had  newly discovered evidence entitling him to a new trial.
<u>Id.</u> at 672.  The court held that "any post-judgment motion in a
criminal proceeding that fits the description of § 2255 ¶ 1 is a
motion under § 2255, and that the second (and all subsequent) of

6

these requires appellate approval.  For this purpose the caption
that the defendant puts on the motion is irrelevant; a federal
prisoner may not use Rule 33 to avoid § 2255 ¶ 8."  Id.  In Evans,
the movant claimed to have proof that the prosecution failed to
disclose evidence in violation of his right to due process of law.
Id. at 674.  The court concluded that this was precisely the type
of collateral attack that fell within the first paragraph of
Section 2255 because it raised a constitutional due process
question rather than a claim of actual innocence based on newly
discovered evidence.  Id.  Adeoshun also claims that he has newly
discovered evidence that tends to show the prosecution withheld
information, which, in effect, denied him of his right to due
process of law.  Because Adeoshun is collaterally attacking his
conviction as tainted by the deprivation of a constitutional right,
his Rule 33 motion is properly considered as a Section 2255 habeas
petition.[1]

    However, once again, Adeoshun has failed to obtain

---

[1] The Evans court also noted that its "case is easy because
[the movant] filed a motion explicitly under § 2255, then tried
to evade the limitations on successive motions by placing a Rule
33 caption on his next collateral attack."  United States v.
Evans, 224 F.3d 670, 674 (7th Cir. 2000).  Adeoshun has also
previously filed a Section 2255 habeas petition with essentially
the same claims.  Then, he filed a Rule 33 motion (which the
Court held to be a successive 2255 petition), imploring the Court
not to "misconstrue it as a Motion under Section 2255 because it
is not."  Adeoshun attempts once again to avoid the COA
requirement for successive habeas petitions by claiming Rule 33
as the basis for his motion.

authorization from the Court of Appeals to file a successive Section 2255 habeas petition. See 28 U.S.C. § 2253. This Court lacks jurisdiction to hear Adeoshun's latest motion to disturb his criminal conviction.[2] See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

B.

Adeoshun next seeks a stay of deportation while he challenges his immigration status. However, the Court lacks jurisdiction to hear this motion. 8 U.S.C. § 1252(g).

The Supreme Court held in Reno v. American Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999), that 28 U.S.C. § 1252(g) applies to "three discrete actions": (1) the commencement of proceedings, (2) the adjudication of cases, and (3) the execution of removal orders. Adeoshun's motion directly relates to the execution of a removal order because he is asking the Court to enjoin the execution of his removal to Nigeria so he may continue to contest his immigration status. Because Adeoshun's motion falls within the ambit of Section 1252(g), the Court lacks jurisdiction

_____

[2] Because this is not the first motion construed as a Section 2255 petition, there is no need to be concerned that Adeoshun is not fully informed of Section 2255's restriction on second or successive Section 2255 motions as well as other procedural hurdles that may be implicated by recharacterization. See Castro v. United States, 540 U.S. 375, 384 (2003). Indeed, Adeoshun has already filed successive habeas petitions, and he has already been told by the Court that he must obtain authorization from the Court of Appeals for this Court to have jurisdiction to consider a successive habeas petition.

to hear the motion.

C.

Finally, Adeoshun has filed a motion for leave to proceed out of time.  The Court surmises that Adeoshun seeks a COA of the Court's order denying his (previous) "Motion for Judgment to Set Aside and for New Trial," which was issued on August 25, 2006 and received by him on October 18, 2006.  The Court construed that motion as a successive habeas petition.  Section 2253 provides that a judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Adeoshun has failed to make a "substantial showing" of the denial of his right to due process of law.  He has provided no newly discovered evidence since his last habeas petition was denied.  Consequently, the reasoning of the Court's last denial of a COA stands: Adeoshun has made no substantial showing of the denial of a constitutional right and reasonable jurists could not disagree.

D.

Finally, the United States moves to enjoin Adeoshun from filing any other pleadings with the Court, referring to his latest Rule 33 motion as "the latest example in a long line of repetitive, and abusive, post-conviction filings designed to delay his inevitable deportation to his native Nigeria."  The Court agrees. Adeoshun's history is one of abuse of the judicial process.

9

Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975).

A pattern has emerged with regard to Adeoshun's persistent, repetitive, and eccentric challenges to his criminal conviction, which resulted in an order of deportation.  Adeoshun has asserted substantially the same claims time and time again, even though this Court has rejected them and the Court of Appeals for the Fifth Circuit has refused to grant Adeoshun a COA or other otherwise provide relief.  And even though he has been directed by this Court that he must seek relief at the Court of Appeals.  By asserting the same claims after they have been consistently rejected, an inference naturally arises that Adeoshun's pleadings are not made in good faith.  The time has come to conclude that Adeoshun has filed enough frivolous motions.

Whether under the All Writs Act, 28 U.S.C. § 1651, the Court's inherent equity jurisdiction, or in the exercise of the Court's supervisory powers, there is little question that the Court has the power to enjoin Adeoshun from filing further frivolous pleadings with the Clerk of the Court.  See Villarreal v. Brown Express, Inc., 529 F.2d 1219, 1222 (5th Cir. 1976) ("It is permissible for a federal court to enjoin relitigation of a matter adjudged by a federal judgment.").  The Court concludes that although an injunction is a drastic measure, it is necessary and appropriate on this record, because Adeoshun has repeatedly filed substantially identical motions only to have each one properly denied.

Consequently, the Court will direct that Adeoshun be prohibited from continuing, instituting, or prosecuting, without prior leave of this Court, any motion or pleading related to or arising directly or indirectly from his criminal conviction or deportation. The Clerk of this Court is directed to refuse to receive, file, or docket any papers submitted by Adeoshun. Finally, the Court emphasizes that it is not the Court's intent to prevent Adeoshun from submitting pleadings, but, rather, to require him to obtain leave of Court before such claims may be prosecuted.

Should Adeoshun wish to contest any of the rulings issued today, he may appeal to the Court of Appeals. He is specifically warned, however, that his recourse is not to file further papers with this Court except as is consistent with this Order and Reasons. If he elects the latter course of action, he will be subject to the penalties of contempt for violating the injunction.

III.

For the foregoing reasons

(1) The Court DENIES Adeoshun's motion for a new trial for want of jurisdiction;

(2) The Court DENIES Adeoshun's motion for a stay of deportation for want of jurisdiction;

(3) The Court DENIES Adeoshun's motion to obtain a COA to appeal the Court's August 25, 2006 Order because there is no substantial showing of the deprivation of a constitutional right and reasonable jurists could not disagree; and

11

(4) The Court GRANTS the Government's motion to enjoin
Adeoshun from filing further pleadings in connection with his
criminal conviction and deportation with the Clerk of this Court.

New Orleans, Louisiana, November 22, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE